WALLACE, Circuit Judge,
dissenting:
I dissent from the majority’s disposition because it places a burden on district court judges that is inconsistent with Federal Rule of Criminal Procedure 32.
The majority faults the district court for not “specifically rul[ing] on [Wilson’s] objections to three enhancements contained in the Presentence Investigation Report (PSR).” The disposition also states that the district court “did not rule on [Wilson’s] objection to the Criminal History Category assigned in the PSR.” The majority relies on United States v. Carty, 520 F.3d 984, 991 (9th Cir.2008)(en banc), United States v. Kimbrew, 406 F.3d 1149, 1151 (9th Cir.2005), and United States v. Denton, 611 F.3d 646, 651 (9th Cir.2010) for the proposition that we “cannot properly review the sentence on appeal without rulings by the district court on these objections.” None of these cases, however, require a district court to make a specific ruling on legal objections to a sentencing enhancement or to a defendant’s criminal history category. By imposing the sentence that it did, it is clear that the district court concluded that these legal objections were without merit.
Wilson’s argument on appeal is premised on Rule 32(i)(3)(B). We have construed Rule 32 as merely requiring that sentencing courts rule on disputes pertaining to factual inconsistencies. United States v. Grajeda, 581 F.3d 1186, 1188 (9th Cir.2009) (Where “objections to the PSR [are] legal, not factual, the district court was not required to make any factual determinations”); United States v. Stoterau, 524 F.3d 988, 1011 (9th Cir.2008) (“recommendations, opinions or conclusions [that are] not factual in nature ” do not require a ruling under Rule 32) (emphasis added; quotation omitted).
In this case, the three specific objections identified in Wilson’s appeal are all legal objections, or are of such nature that no specific ruling was necessary. Therefore, I would affirm.